IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2007 MAY 24 P 2: 48

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| MARIO MENDIOLA, | § | |
| Plaintiff, | | |
| v. | § | Case No. 2:07CV469-MEF |
| VISION HOSPITALITY, L.L.C. and I.T. MONTGOMERY, L.L.C. d/b/a QUALITY INN & SUITES CONFERENCE CENTER and JOHN TAMPA Individually, | | |
| Defendants. | § | |

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff MARIO MENDIOLA respectfully files this Original Complaint against Defendants VISION HOSPITALITY, INC. and I.T MONTGOMERY, LLC d/b/a QUALITY INN & SUITES CONFERENCE CENTER and JOHN TAMPA Individually, As the basis of his causes of action herein Plaintiff would respectfully show this Court as follows:

I.

PARTIES

1.1   Plaintiff is a resident of San Antonio, Bexar County, Texas.

1.2   Defendant VISION HOSPITALITY, L.L.C. d/b/a QUALITY INN & SUITES CONFERENCE CENTER is an Alabama limited liability company doing business in this judicial district and may be served with citation through its principal, Brenda Guinn, located at 2705 East South Blvd, Montgomery, Alabama 36116-2575.

1.3   Defendant I.T MONTGOMERY, L.L.C. d/b/a QUALITY INN & SUITES CONFERENCE CENTER is an Alabama limited liability company doing business in this

judicial district and may be served with citation through its principal, Ioan Tampa, located at 2705 East South Blvd, Montgomery, Alabama 36116-2575.

1.4     Defendant JOHN TAMPA is a resident of Dalton, Georgia and may be served with citation at 715 College Drive, Dalton, Georgia 30720.

II.

## JURISDICTION AND VENUE

2.1     This complaint is brought pursuant to The Americans with Disabilities Act, 42 U.S.C. § 12101. This Court therefore has jurisdiction over this cause pursuant to 28 U.S.C. §§ 1331 and 1343(a).

2.2     Venue is appropriate in this court because Defendants reside in and may be found within this judicial district.

III.

## FACTUAL BACKGROUND

3.1     On or about April 27, 2005 Plaintiff was employed by Defendants as the general manager of Defendants' hotel, QUALITY INN & SUITES CONFERENCE CENTER, located at 2705 East South Blvd., Montgomery, Alabama 36116. As part of Plaintiff's compensation, Defendants also provided Plaintiff and his family a place of residence within Defendants' hotel. At all material times, Plaintiff was a hard working, loyal employee for Defendants.

3.2     On or about December 7, 2005 Plaintiff was advised by his physician that he may have leukemia. Plaintiff informed Defendants of this situation and stated that he, Plaintiff, might have to undergo treatment of some kind. In response, Defendants' owner stated that he would work with Plaintiff through this difficult time.

3.3     Nevertheless, on December 12, 2005 Plaintiff was summarily terminated by Defendants for no good reason.

3.4     As a direct and proximate result, Plaintiff was left unemployed *and* homeless two weeks before Christmas.

3.5     Within several months of Plaintiff's termination, Plaintiff learned that his prognosis was relatively good. Had he not been terminated by Defendant, Plaintiff would have, in all reasonable probability, continued working for Defendants despite his condition.

3.6     Despite diligent efforts, Plaintiff could not secure substitute employment for over one year. During that time Plaintiff was forced to return to San Antonio, Texas, take loans from friends and family, and live out of a travel trailer. Reinstatement with Defendants is no longer feasible.

IV.

CAUSES OF ACTION

4.1     This complaint is brought pursuant to The Americans with Disabilities Act, 42 U.S.C. § 12101. At the time of his termination, Plaintiff's condition and/or impairment was not substantially limiting. However, Defendants perceived Plaintiff as having a substantially limiting impairment. Defendant thus regarded Plaintiff as being disabled and terminated him as a direct result.

4.2     Defendants have violated Plaintiff's rights under the Americans with Disabilities Act. In doing so, Defendants acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

4.3     Plaintiff therefore seeks an award of actual damages, as well as exemplary damages, as provided by law.

## V.

## CONDITIONS PRECEDENT

5.1     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, Charge No. 451-2006-00038.

5.2     The EEOC conducted its investigation and made a determination of cause in this matter.

5.3     Plaintiff's Right to Sue Notice from the Equal Employment Opportunity Commission was received on or about February 27, 2007. This suit is filed within ninety (90) days of the date of receipt of said notice.

## VI.

## DAMAGES

6.1     Plaintiff has suffered significant injuries and damages as a direct and proximate result of the callous actions of Defendants. Reinstatement of Plaintiff by Defendant is impractical and unfeasible. Plaintiff therefore seeks an award of the following damages:

1. back pay;
2. front pay,
3. exemplary damages;
4. reasonable attorney's fees;
5. expert fees;
6. pre-judgment and post-judgment interest; and
7. costs of court.

VII.

PRAYER

7.1    Based upon the foregoing, Plaintiff respectfully requests that Defendants be cited to appear and answer herein, that after trial Plaintiff be awarded judgment, jointly and severally against Defendants for his actual damages, as well as exemplary damages, for pre-judgment and post-judgment interest at the maximum rate allowed by law, for attorney's fees and costs of court. Plaintiff would also request that he be granted any further relieve at law or in equity to which he may show himself justly entitled.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS IN THIS ACTION.**

Respectfully submitted,

MORRIS & MCCANNALLY, LLC



D. Jason Britt (BRI048)
50 Wisteria Place
P.O. Box 490
Millbrook, Alabama 36054


THE BRYANT LAW FIRM
★

David A. Bryant, Jr.
S.D.Texas Bar No. 17501
18 Augusta Pines Dr., Suite 200E
Spring, Texas 77389
(281) 290-8866, Fax: (281) 290-8867

ATTORNEYS FOR PLAINTIFF

5