## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **MARIO MENDIOLA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **CIVIL ACTION NO. CV- 2:07 CV** |
| **VISION  HOSPITALITY, LLC; I.T.** | ) **469-MEF** |
| **MONTGOMERY,      LLC,      d/b/a** | ) |
| **QUALITY    INN    &    SUITES** | ) |
| **CONFERENCE CENTER and JOHN** | ) |
| **TAMPA, individually,** | ) |
| | ) |
| **Defendants.** | ) |

## ANSWER

COME NOW Defendants, Vision Hospitality, LLC and I.T. Montgomery, LLC (hereinafter referred to as "Defendants") and in response to Plaintiff's Complaint answer as follows:

## PARTIES

1.1    Defendants are without sufficient information to admit or deny the allegations in Paragraph 1.1.

1.2    Admitted that Vision Hospitality, LLC is an Alabama limited liability company.  It is specifically denied that Vision Hospitality, LLC is doing business as Quality Inn & Suites Conference Center and specifically denied that Vision Hospitality, LLC was an employer of Mario Mendiola.

1.3    Admitted.

1.4    It is admitted that John Tampa, is a resident of Dalton, Georgia. As noted in the Motion to Dismiss filed by John Tampa contemporaneously herewith, Tampa is not an appropriate defendant to this action under the Americans with Disabilities Act (hereinafter referred to as "ADA").

## JURISDICTION AND VENUE

2.1    Defendants admit that this Complaint is brought pursuant to the Americans with Disabilities Act and that this Court has jurisdiction over claims under the Act. Defendants dispute that they are liable to the Plaintiff under the Act.

2.2    Defendants do not contest jurisdiction.

## FACTUAL BACKGROUND

3.1    Defendants admit that Plaintiff was employed by I.T. Montgomery, LLC as the general manager of its Quality Inn & Suites Conference Center, but Defendants deny that Plaintiff was employed by Vision Hospitality, LLC, which does not own or operate Quality Inn & Suites Conference Center. Defendants admit that as part of Plaintiff's employment, he received a place of residence within the Quality Inn & Suites Conference Center. Defendants deny the last sentence of Paragraph 3.1 but state that Plaintiff was a satisfactory employee of I.T. Montgomery, LLC.

3.2    Defendants are without sufficient information to admit or deny the first sentence of Paragraph 3.2. Defendants admit that, in early December 2005, Plaintiff informed management of I.T. Montgomery, LLC that he had leukemia and would be going home to Texas for treatment. The remainder of Paragraph 3.2 is denied.

3.3    Denied.

3.4    Denied.

3.5    Defendants are without sufficient information to admit or deny the first sentence of Paragraph 3.5. Defendants deny the second sentence of Paragraph 3.5 because Defendants did not terminate Plaintiff.

3.6    Denied.

## <u>CAUSES OF ACTION</u>

4.1    Defendants admit that this Complaint is brought pursuant to the Americans with Disabilities Act but deny that they are subject to any liability under the Act. Defendants are without sufficient information to admit or deny the second sentence of Paragraph 4.1. Defendants deny the remainder of Paragraph 4.1.

4.2    Denied.

4.3    Defendants admit that Plaintiff seeks an award of damages but deny that Plaintiff is entitled to any such damages.

## CONDITIONS PRECEDENT

5.1    Defendants admit that Plaintiff filed a timely Charge of Discrimination, but deny that the Charge was filed against Vision Hospitality, LLC.

5.2    Defendants deny that the EEOC conducted an investigation but admit that it made a determination of cause in the matter.

5.3    Defendants are without sufficient information to admit or deny the allegation in Paragraph 5.3.

## DAMAGES

6.1    Denied.

## PRAYER

7.1    Defendants deny that Plaintiff is entitled to any of the relief sought in the Prayer.

## ADDITIONAL DEFENSES

Now having answered each and every paragraph of the Complaint, as further defenses thereto, Defendants say as follows:

## FIRST DEFENSE

The Complaint, and each and every count thereof, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant Vision Hospitality, LLC was not the employer of Plaintiff and is not subject to suit in this action.

## THIRD DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, ratification, consent, acquiescence and laches.

## FOURTH DEFENSE

All ADA claims based upon allegations of the Complaint outside the scope of the charge of employment discrimination filed with the Equal Employment Opportunity Commission ("EEOC") should be dismissed, including but not limited to all claims asserted against Vision Hospitality, LLC who was not named in the Charge.

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTH DEFENSE

Plaintiff is not entitled to recover any damages because all of I.T. Montgomery's decisions affecting the terms and conditions of Plaintiff's employment were based upon a good faith belief that I.T. Montgomery's decisions were not unlawful, were based upon legitimate non-discriminatory reasons and were not in violation of any state or federal statute.

## SEVENTH DEFENSE

Defendants deny that any act or failure to act on its part proximately caused any of the alleged injuries or damages claimed by Plaintiff.

## EIGHTH DEFENSE

All employment decisions made by I.T. Montgomery were motivated by legitimate business reasons.

## NINTH DEFENSE

Plaintiff cannot prove any discriminatory conduct by Defendants; alternatively, even if Plaintiff could prove discriminatory conduct by Defendants, Defendants would have made the same employment decisions without regard to any discriminatory motives.

## TENTH DEFENSE

Plaintiff is not a qualified individual with a disability as defined by the Americans with Disabilities Act.

## ELEVENTH DEFENSE

Plaintiff did not suffer an adverse employment action.

## TWELVTH DEFENSE

Any claim for compensatory or punitive damages under the ADA is limited by the provisions of 42 U.S.C. §1981a.

## THIRTEENTH DEFENSE

Defendants may not be held liable for punitive damages due to discriminatory employment decisions of its managerial agents (if any there were) because any such decisions were contrary to Defendants' good faith efforts to comply with the ADA.

## FOURTEENTH DEFENSE

Plaintiff has failed to mitigate his damages, if there were any such damages.

## FIFTEENTH DEFENSE

The Plaintiff is not entitled to equitable relief as the Plaintiff has not suffered irreparable harm and has adequate remedies at law.

Respectfully submitted this 16th day of July, 2007.

/s/ Kyle T. Smith

_____

Kyle T. Smith (ASB-6752-I72K)
J. Rushton McClees (ASB-8805-C39J)
Attorneys for Defendants
VISION HOSPITALITY, LLC and
I.T. MONTGOMERY, LLC

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:  (205) 930-5100
Fax:  (205) 930-5335

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> D. Jason Britt, Esq.
> Morris & McCannally, LLC
> 50 Wisteria Place
> P.O. Box 490
> Millbrook, AL 36054
>
> David A. Bryant, Jr., Esq.
> 18 Augusta Pines Drive
> Suite 200E
> Spring, TX 77389

> s/Kyle T. Smith
> OF COUNSEL