IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **MARIO MENDIOLA**, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **CIVIL ACTION NO. CV- 2:07 CV** |
| **VISION HOSPITALITY, LLC; I.T.** ) | **469-MEF** |
| **MONTGOMERY, LLC, d/b/a** ) | |
| **QUALITY INN & SUITES** ) | |
| **CONFERENCE CENTER and JOHN** ) | |
| **TAMPA, individually,** ) | |
| ) | |
| **Defendants.** ) | |

## MOTION TO DISMISS ON BEHALF OF JOHN TAMPA, INDIVIDUALLY

COMES NOW Defendant John Tampa (hereinafter "Tampa"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and files this Motion to Dismiss the only claim asserted against him in this action for failure to state a claim upon which relief may be granted. As grounds therefore, Tampa further states as follows:

1.  In the Complaint, Plaintiff Mario Mendiola asserts only one cause of action—discrimination in employment in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 (hereinafter "ADA"). Plaintiff asserts his claim against three defendants, including John Tampa, individually. Plaintiff's

claim against Tampa must be dismissed because there is no individual liability under the ADA.

2. The Eleventh Circuit Court of Appeals first held that individual capacity defendants cannot be liable for employment discrimination under the ADA back in 1996 in *Mason v. Stallings*, 82 F.3d 1007 (1996). In a decision that could be no clearer, the court stated, "[w]e hold that the Disabilities Act does not provide for individual liability, only for employer liability." *Id*. at 1009.

3. Just last month, the Eleventh Circuit relied upon the decision in *Mason* to uphold a district court's dismissal of an ADA claim filed against individual defendants. In *Albra v. Advan, Inc.*, 2007 WL 1814677 (11th Cir. June 26, 2007), the court stated as follows:

> Here, Albra's ADA discrimination claim names the Abbots as defendants in their individual capacities. Because individual liability is precluded for violations of the ADA's employment discrimination provision, we conclude that the district court properly dismissed Albra's discrimination claim against the Abbots.

*Id*. at *3.

4. Under Rule 12(b)(6), a claim must be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Marsh v. Butler County, Alabama*, 268 F.3d 1014, 1022 (11th Cir. 2001)(citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

5.  Because there is no individual liability under the ADA, Plaintiff can prove no set of facts which would entitle him to relief against John Tampa individually.

WHEREFORE, Tampa respectfully requests this Court to grant this Motion and dismiss with prejudice the claim asserted against him.

/s/ Kyle T. Smith

Kyle T. Smith (ASB-6752-I72K)
J. Rushton McClees (ASB-8805-C39J)
Attorneys for Defendant
JOHN TAMPA

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.: (205) 930-5100
Fax: (205) 930-5335

## CERTIFICATE OF SERVICE

 I hereby certify that on the 16th day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>D. Jason Britt, Esq.
>Morris & McCannally, LLC
>50 Wisteria Place
>P.O. Box 490
>Millbrook, AL 36054
>
>David A. Bryant, Jr., Esq.
>18 Augusta Pines Drive
>Suite 200E
>Spring, TX 77389

             s/Kyle T. Smith
             OF COUNSEL