IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| MARIO MENDIOLA, | ) |
| PLAINTIFF, | ) |
| V. | ) CIVIL ACTION NO. |
| VISION HOSPITALITY, L.L.C. AND I.T. MONTGOMERY, L.L.C., D/B/A QUALITY INN & SUITES CONFERENCE CENTER, | ) CV- 2:07 CV 469-MEF |
| DEFENDANTS. | ) |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**COME NOW** Defendants Vision Hospitality, L.L.C. and I.T. Montgomery, L.L.C. ("Defendants"), and hereby file this Brief in Support of Motion for Summary Judgment. As is demonstrated herein, there are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law.

### PROCEDURAL POSTURE

Mendiola filed this action under the Americans With Disabilities Act, 42 U.S.C. § 12101, against Vision Hospitality, L.L.C., I.T. Montgomery, L.L.C. and John Tampa on May 24, 2007. Upon joint stipulation of the parties, the claims against John Tampa were dismissed on August 28, 2007 leaving Vision Hospitality, L.L.C. and I.T. Montgomery, L.L.C. as the only defendants.

DOCSBHM\1546882\1\

The parties have engaged in discovery, however, there have been delays in the production of documents and correspondingly in the taking of depositions. As of the date of this Motion for Summary Judgment, no depositions have been taken in the case. Therefore, the undisputed facts are based upon the Declarations of Ioan Tampa, Beverly Woods and Timothy Banks submitted as Defendants' Appendix of Evidence in Support of Motion for Summary Judgment.

## STATEMENT OF UNDISPUTED FACTS

Ioan (John) Tampa is the managing member of I.T. Montgomery, LLC, an Alabama limited liability company. (Tampa Declaration ¶ 2) I.T. Montgomery, LLC does business as Quality Inn & Suites and Convention Center located at 2705 East South Boulevard, Montgomery, Alabama. (*Id.*) On April 27, 2005, on behalf of I.T. Montgomery, LLC, Tampa agreed to employ Mario Mendiola as the general manager of the Quality Inn & Suites. (Tampa Declaration ¶ 3) The terms of Mendiola's employment were included in a letter Mendiola wrote to Tampa on April 27, 2005. (*Id.*; Declaration Exhibit A)

Mendiola moved from his home in Texas to the Quality Inn & Suites and began working as the general manager in May of 2005. (Tampa Declaration ¶ 3) Roxanne Luker, who was Mendiola's girlfriend, also moved with him to live and work at the Quality Inn & Suites. (*Id.*) As general manager of the Quality Inn & Suites, Mendiola was employed by I.T. Montgomery, LLC. (Tampa Declaration ¶

4) Mendiola was not employed by Vision Hospitality, LLC, which does not own or operate the Quality Inn & Suites. (*Id.*)

In early December of 2005, Mendiola informed Tampa that he may have leukemia and that he and Luker would be returning to Texas for treatment. (Tampa Declaration ¶ 5) Tampa understood Mendiola to be resigning from his employment. (*Id.*) Mendiola told Tampa that he would need a week to ten days to get things in order to leave. (*Id.*) Tampa began looking for a replacement for Mendiola in the general manager position. (*Id.*) On December 12, 2005, Tampa informed Mendiola by memo that he had located a new general manager who was to start on December 20, 2005. (Tampa Declaration ¶ 5; Declaration Exhibit B) Tampa did not tell Mendiola that he was terminated because Tampa already understood that Mendiola was resigning. (Tampa Declaration ¶ 5)

In early December of 2005, Mendiola also told Director of Sales Beverly Woods and Assistant Manager Timothy Banks that he was going to Texas for treatment. (Woods Declaration ¶ 3; Banks Declaration ¶ 3) Both Woods and Banks understood that Mendiola had resigned. (*Id.*)

At the time of Mendiola's separation from employment, Tampa did not consider Mendiola to be disabled. (Tampa Declaration ¶ 6) Tampa did not know anything about Mendiola's medical condition other than what Mendiola had told him about possibly having leukemia. (*Id.*) Tampa did not know if or how

Mendiola's condition limited his ability to work or to perform other major life activities, and Tampa made no assumptions in this regard. (*Id.*) Tampa did not know whether Mendiola could perform his job as general manger or whether he could perform other jobs. (*Id.*) Tampa did not know whether Mendiola's condition was temporary or permanent or how long Mendiola's treatment would take. (*Id.*) Tampa just knew that Mendiola said he was going back to Texas so he needed to find a replacement to serve as general manager. (*Id.*)

After his separation from employment, Mendiola filed a charge of discrimination with the EEOC in which he named Quality Inn & Suites as his employer. (Tampa Declaration ¶ 7; Declaration Exhibit C) Tampa responded to the charge on behalf of I.T. Montgomery, LLC. (Tampa Declaration ¶ 7; Declaration Exhibit D) Vision Hospitality was not named in the charge and did not respond to the charge. (Tampa Declaration ¶ 7)

## SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the *Federal Rules of Civil Procedure,* summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the Affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party must initially advance a showing that "there are no genuine issues of

material fact that should be decided at trial." *Weston Group Nurseries, Inc. v. Ergas*, 167 F.3d 1354, 1361 (11th Cir. 1999). An issue of fact is "genuine" only if "a reasonable trier of fact, considering the record evidence, could find for the non-moving party." *Lee v. Etowah Co. Bd. Of Ed.*, 963 F.2d 1416,1425 (11th Cir. 1992).

Because Defendants have carried their initial burden, Mendiola may not rest upon the mere allegations or denials in his pleadings. Mendiola must establish a genuine issue of material fact, as determined by an examination of the substantive law. *See Irby v. Bittick*, 44 F.3d 949, 953 (11th Cir. 1995). To "simply show that there is some metaphysical doubt as to the material facts" is insufficient. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The evidence must be sufficient to "return a verdict" at trial for the party opposing the entry of summary judgment. *Matsushita,* 475 U.S. at 586. For factual issues to be considered genuine, they must have a real basis in the record. *Id.*

## ARGUMENT

**I.   Vision Hospitality Cannot Be Liable Under The ADA Because It Was Not Plaintiff's Employer.**

In his Complaint, Mendiola asserts his claim of employment discrimination under the Americans with Disabilities Act ("ADA") against Vision Hospitality, L.L.C. and I.T. Montgomery, L.L.C. Mendiola apparently contends that he was employed by both entities when he served as the general manager of the Quality

Inn & Suites Conference Center located on East South Boulevard in Montgomery, Alabama. The Quality Inn & Suites Conference Center is owned and operated by I.T. Montgomery, L.L.C., and I.T. Montgomery, L.L.C. was Mendiola's employer. Vision Hospitality, L.L.C. has no ownership interest in the Quality Inn & Suites Conference Center, and it was not Mendiola's employer.

The employment discrimination provisions of the ADA provide for only employer liability. *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996). Moreover, a claim for employment discrimination under the ADA necessarily alleges an adverse employment action taken by a covered employer. *See Doe v. Dekalb County School District*, 145 F.3d 1441, 1447 (11th Cir. 1998). Because Vision Hospitality, L.L.C. was not Mendiola's employer, it could not have taken any employment action against Mendiola and it cannot be liable for his claims of employment discrimination under the ADA.

## II. Vision Hospitality Cannot Be Liable Under The ADA Because It Was Not Named in An EEOC Charge.

Filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") is a prerequisite to bringing suit under the ADA. *Maynard v. Pneumatic Products, Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001)(citations omitted). When the EEOC completes its investigation but does not file suit or obtain a conciliation agreement, it then gives notice to the claimant that a civil

action may be brought "against the respondent named in the charge." *Zillyette v. Capital One Financial Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999), quoting 42 U.S.C. § 2000e-5(f)(1). In his charge of discrimination, Mendiola named Quality Inn & Suites as the respondent. (Tampa Declaration Exhibit C) As noted above, I.T. Montgomery, L.L.C. is the owner and operator of the Quality Inn & Suites and was Mendiola's employer. I.T. Montgomery, L.L.C. d/b/a Quality Inn & Suites answered the charge as the respondent. (Tampa Declaration Exhibit D) Because I.T. Montgomery, L.L.C. was the only respondent to the charge, it is the only proper defendant for this ADA lawsuit. Moreover, because Vision Hospitality, L.L.C. was not the respondent to the EEOC charge filed by Mendiola, it cannot be a defendant to this action.

### III. Mendiola Cannot State a Prima Facie Case of Disability Discrimination.

In order to state a prima facie case of ADA discrimination, a plaintiff must demonstrate that he: (1) had a disability; (2) was otherwise qualified to perform the job; and (3) was discriminated against based on his disability. *Collado v. United Parcel Service, Co.*, 419 F.3d 1143, 1149 (11th Cir. 2005). Because Mendiola cannot satisfy the first or third element of his prima facie case, Defendants[1] are entitled to summary judgment.

---

[1] As noted above, Vision Hospitality, L.L.C. is not a proper defendant to the case in any event.

A. **Mendiola Is Not Disabled As Defined By The ADA.**

To state a claim for unlawful termination under the ADA, a plaintiff must first prove that he has a disability as defined by the Act. *Standard v. A.B.E.L Services, Inc.*, 161 F.3d 1318, 1327 (11th Cir. 1998), citing *Gordon v. E.L. Hamm & Associates, Inc.*, 100 F.3d 907, 910 (11th Cir. 1996). A disability is defined by the ADA as follows: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of having such an impairment; or (C) being regarded as having such an impairment." *Standard v. A.B.E.L Services, Inc.*, 161 F.3d 1318, 1327 (11th Cir. 1998), citing 42 U.S.C. § 12102(2). In his Complaint, Mendiola expressly acknowledges that, at the time of his termination, his condition was **not** substantially limiting. (Complaint ¶ 4.1) He bases his claim of disability solely on the third prong of the definition alleging that Defendants regarded him as being disabled. (*Id.*)

In order to regard an employee as disabled under 42 U.S.C. § 12102(2)(C), an employer must regard the employee has having an impairment that substantially limits a major life activity. *Collado v. United Parcel Service, Co.*, 419 F.3d 1143, 1157 (11th Cir. 2004), citing *Hilburn v. Murata Elec. N. Am., Inc.*, 181 F.3d 1220, 1228-29 (11th Cir. 1999); *Standard*, 161 F.3d at 1327. In his Complaint, Mendiola contends that Defendants perceived him as "having a substantially limiting impairment," (Complaint ¶ 4.1) but he does not identify any particular major life

activity in which Defendants perceived him to be disabled. Presumably, he contends that Defendants perceived him to be substantially limited in the major life activity of working. As explained in *Collado*, "being 'regarded as unable to perform only a particular job,' however, 'is insufficient, as a matter of law, to prove that [the plaintiff] is regarded as substantially limited in the major life activity of working.'" *Collado*, 419 F.3d at 1157, quoting *Murphy v. United Parcel Service*, 527 U.S. 516, 525, 119 S.Ct. 2133, 2139, 144 L.Ed.2d 484 (1999). Instead, a plaintiff must prove that the employer considered him "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes." *Collado*, 419 F.3d at 1157, quoting 29 C.F.R. § 1630.2(j)(3)(i).

The Eleventh Circuit Court of Appeals opinion in *Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213 (2004) is instructive on the application of the "regarded as disabled" definition to facts substantially similar to the case at bar. In *Carruthers*, the employer learned that its employee had been diagnosed with a bilateral hand strain, and, very shortly thereafter, placed a classified advertisement for her replacement and then terminated her employment. In granting the employer's request for judgment as a matter of law on the issue of "regarded as disabled," the court explained as follows:

> We conclude that no reasonable jury could find that Carruthers' evidence established that BSA perceived her

>impairment as one that substantially limited the major life activities of working or performing manual tasks. Carruthers herself admitted at trial that BSA's knowledge of her condition was limited to her physician's diagnosis of a bilateral hand strain/sprain and her work restrictions. Aside from BSA's awareness of her initial diagnosis and work restrictions, the only other support Carruthers offers for her contention that BSA perceived her to be disabled is the fact that (1) BSA informed her that she would be terminated if she could not maintain a full-time schedule and (2) BSA placed an advertisement for her replacement shortly after learning of her inability to perform the basic tasks of her position. Based on this record, we find no indication that BSA regarded, or would have had any reason to regard, Carruther's condition as rendering her incapable of performing "either a class of jobs or a broad range of jobs in various classes."

*Carruthers*, 357 F.3d at 1217, quoting 29 C.F.R. § 1630.2(j)(3)(i).

In *Carruthers* the Eleventh Circuit also pointed out that, in order to regard an employee as disabled, the employer must perceive the employee's limitations as permanent or long-term. *Carruthers*, 357 F.3d at 1217, citing *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). The court reached a similar conclusion in *Standard v. A.B.E.L. Services* stating: "Given . . . the evidence that all of the decision makers perceived Standard as having a temporary injury, we hold that Standard has failed to present sufficient evidence to allow a rational juror to find him disabled under § 12102(2)(C) of the ADA." *Standard*, 161 F.3d at 1328.

Mendiola's bare allegation that Defendants regarded him as disabled is not supported by the record evidence. Mendiola's immediate supervisor was I.T. Montgomery L.L.C.'s managing member, John Tampa. Mr. Tampa has testified through sworn declaration that he did not regard Mendiola as having an impairment that substantially limited a major life activity. In fact, Tampa drew no conclusions regarding Mendiola's level of impairment because he did not know much about Mendiola's condition at all. Tampa, along with I.T. Montgomery employees Beverly Woods and Timothy Banks, only knew what Mendiola told them—that he may have leukemia and that he would be returning to Texas for treatment. Tampa did not know whether Mendiola was limited from performing the job of general manager or any other job. He did not know whether Mendiola's condition was temporary or permanent.[2] However, because Mendiola indicated that he would be moving back to Texas, Tampa began his search for a new general manager.

There is no evidence that I.T. Montgomery regarded Mendiola as substantially limited from performing any job, much less that it regarded him as restricted from a class or broad range of jobs. Like the employers in *Carruthers* and *Standard*, I.T. Montgomery only knew that its employee was temporarily

---

[2] Based upon Mendiola's own Complaint, it appears that his condition was neither permanent nor substantially limiting. (Complaint ¶ 3.5, 4.1)

unavailable to perform his job. Such evidence is plainly insufficient to demonstrate that I.T. Montgomery regarded Mendiola as disabled. Because Mendiola cannot produce sufficient evidence for a reasonable jury to find that he suffered from a disability as defined by the ADA, Defendants are entitled to judgment as a matter of law. *See Collado*, 419 F.3d at 1158; *Carruthers*, 357 F.3d at 1217; *Standard*, 161 F.3d at 1328.

### B. Defendants Did Not Discriminate Against Mendiola Because of Disability.

A claim of employment discrimination under the ADA necessarily requires an adverse employment action taken by the employer. *See Doe v. Dekalb County School Dist.*, 145 F.3d 1441, 1447 (11th Cir. 1998). In his Complaint, Mendiola states that he was terminated from employment on December 12, 2005. As evidenced by the Declarations of John Tampa, Beverly Woods and Timothy Banks, Mendiola was not terminated. Instead, Mendiola informed I.T. Montgomery that he would be leaving the hotel and moving back to Texas to tend to his medical condition. Tampa, Woods and Banks all understood Mendiola to be resigning from employment. Because Mendiola was leaving, Tampa sought and found a replacement as general manager. Mendiola's decision to leave I.T. Montgomery was not an adverse employment action by Defendants.

Even if Mendiola's separation from employment was an adverse employment action, there is no evidence that it occurred because Mendiola was disabled. As explained in detail above, I.T. Montgomery did not regard Mendiola as disabled. Moreover, there is no evidence from which a reasonable jury could conclude that I.T. Montgomery took any action against Mendiola because it regarded him as disabled. Without such evidence, Mendiola cannot state a prima facie case of disability discrimination, and Defendants are entitled to summary judgment.

## CONCLUSION

Based upon all the foregoing, there are no genuine issues of material fact, and Defendants are entitled to judgment as a matter of law.

Respectfully submitted this 14th day of March, 2008.

/s/ Kyle T. Smith

Kyle T. Smith (Bar No. ASB-6752-I72K)
Attorney for Defendants
VISION HOSPITALITY LLC AND I.T. MONTGOMERY LLC

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.: (205) 930-5100
Fax: (205) 930-5335
northerndistrict@sirote.com

### CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> D. Jason Britt, Esq.
> Morris & McCannally, LLC
> 50 Wisteria Place
> P.O. Box 490
> Millbrook, AL 36054
>
> David A. Bryant, Jr., Esq.
> 18 Augusta Pines Drive
> Suite 200E
> Spring, TX 77389

                                          /s/ Kyle T. Smith
                                          _____
                                          Of Counsel