IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| MARIO MENDIOLA,<br><br>    PLAINTIFF,<br><br>V.<br><br>VISION HOSPITALITY, L.L.C.<br>AND I.T. MONTGOMERY, L.L.C.,<br>D/B/A QUALITY INN & SUITES<br>CONFERENCE CENTER,<br><br>    DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)  CV- 2:07 CV 469-MEF<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' APPENDIX OF EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**COME NOW** Defendants Vision Hospitality, L.L.C. and I.T. Montgomery, L.L.C. ("Defendants"), and submit the following evidence in support of Defendants' Motion for Summary Judgment.

    Exhibit One        Declaration of Ioan Tampa

    Exhibit Two        Declaration of Beverly Woods

    Exhibit Three     Declaration of Timothy Banks

Respectfully submitted this 14th day of March, 2008.

/s/ Kyle T. Smith

---

Kyle T. Smith (Bar No. ASB-6752-I72K)
Attorney for Defendants
VISION HOSPITALITY LLC AND I.T.
MONTGOMERY LLC

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.: (205) 930-5100
Fax: (205) 930-5335
northerndistrict@sirote.com

### CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

D. Jason Britt, Esq.
Morris & McCannally, LLC
50 Wisteria Place
P.O. Box 490
Millbrook, AL 36054

David A. Bryant, Jr., Esq.
18 Augusta Pines Drive
Suite 200E
Spring, TX 77389

/s/ Kyle T. Smith

---

Of Counsel

# EXHIBIT "1"

## DECLARATION OF IOAN TAMPA

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the following is true and correct.

1. My name is Ioan Tampa. I am also known as John Tampa. I am over nineteen (19) years of age and I give this declaration of my own free will. The statements contained herein are based upon my own personal knowledge.

2. I am the managing member of I.T. Montgomery, LLC, an Alabama limited liability company. I.T. Montgomery, LLC does business as Quality Inn & Suites and Convention Center located at 2705 East South Boulevard, Montgomery, Alabama.

3. On April 27, 2005, on behalf of I.T. Montgomery, LLC, I agreed to employ Mario Mendiola as the general manager of the Quality Inn & Suites. The terms of his employment were included in a letter he wrote to me on April 27, 2005. (Attached as Exhibit A hereto) Mendiola moved from his home in Texas to the hotel and began working as the general manager in May of 2005. Roxanne Luker, who was Mendiola's girlfriend, also moved with him to live and work at the Quality Inn & Suites.

4. As general manager of the Quality Inn & Suites, Mendiola was employed by I.T. Montgomery, LLC. Mendiola was not employed by Vision Hospitality, LLC, which does not own or operate the Quality Inn & Suites.

5. In early December of 2005, Mendiola informed me that he may have leukemia and that he and Luker would be returning to Texas for treatment. I understood Mendiola to be resigning from his employment. He told me that he would need a week to ten days to get things in order to leave. I began looking for a replacement for Mendiola in the general manager position. On December 12, 2005, I informed Mendiola by

memo that I had located a new general manager who was to start on December 20, 2005. (Attached as Exhibit B hereto)  I did not tell Mendiola that he was terminated because I already understood that he was resigning to move back to Texas.

6. At the time of Mendiola's separation from employment, I did not consider him to be disabled. I did not know anything about his medical condition other than what he had told me about possibly having leukemia. I did not know if or how his condition limited his ability to work or to perform other major life activities and I made no assumptions in this regard. I did not know whether he could perform his job as general manger or whether he could perform other jobs. I did not know whether his condition was temporary or permanent or how long his treatment would take. I just knew that he said he was going back to Texas so I needed to find a replacement for him.

7. After his separation from employment, Mendiola filed a charge of discrimination with the EEOC in which he named Quality Inn & Suites as his employer. (Attached as Exhibit C hereto)  I responded to the charge on behalf of I.T. Montgomery, LLC. (Attached as Exhibit D hereto)  Vision Hospitality was not named in the charge and did not respond to the charge.

I declare under penalty of perjury that the above and foregoing is true and correct.

This the 12 day of March, 2008.

_____
Ioan Tampa

# EXHIBIT A

April 27, 2005

John Tampa President / CEO
Quality Inn & Suites Conference Center

Mr. Tampa as per our meeting on Monday April 25th 2005 regarding employment at the Quality Inn & Suites Conference Center.

I would like to outline our verbal agreement onto paper for your review and approval signature.

1. Mario Mendiola salary $42,000.00 annually plus 4% bonus over budgeted goal.

2. Provide a job in the hotel for Roxanna Luker at $10.00 per hour 40 hrs a week.

3. Send me a check for $275.00 for 50% of my flight plus $500.00 for moving expenses for a total of $775.00 overnight to EconoLodge 3821 IH35 north San Antonio Texas 782019

4. Provide a bedroom and living room area being two rooms NOT to include the office as part of the living arrangements.

5. Provide a small area in the back of the hotel for a small kennel for two dogs IF NEEDED.

John; I accept and prepared to begin my goal to bring your hotel to a 50% occupancy with a $59.00 rate over the next 6months on May 9, 2005 Please understand that this a quick fix; the ultimate goal would be to increase occupancy and rate each and every month and maintain our position in the market place.

I would like to give my resignation notice today!! I must start making preparations to head in your direction ASAP

Sincerely

Mario Mendiola

I, John Tampa have made these pre-employment conditions for Mr. Mario Mendiola to assume full responsibility of operations of the Quality Inn & Suites Conference Center.

_____  4-27-05

RECEIVED JAN 17 2006 LABOR LAW DEPT.4

# EXHIBIT "B"

# MEMO

TO: Mario Mendiola

FROM: John Tampa

DATE: December 12, 2005

SUBJECT: GM POSITION

Mario,

Per our conversation, you advised me that you and Roxanna are making plans to leave. You said you needed a week to 10 days. I have located someone for the GM position who wants to start on the 20th. As you know, the position is not one easily filled since it takes special qualifications. I would like to go ahead and make the change on the 20th with the new GM in order to avoid losing this applicant. I hope this doesn't put you and Roxanna in a crunch position of trying to move.

I appreciate everything you and Roxanna have done for the best interest of the property. I wish you both well in your future endeavors. If I can be of assistance to you in the future, please let me know.

In the meantime, I need you to keep me posted regarding what is happening on the property for the next week while you are the GM. I just found out the storage maintenance was broken over the weekend. I need to know these things.

Thanks,

John Tampa

# EXHIBIT C

Aug-24-2006 09:19am From-EEOC 2052122105 T-584 P.002/004 F-394

EEOC FORM 131 (5/01)

# U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| HUMAN RESOURCE DIRECTOR<br>QUALITY INN & SUITES<br>2705 EAST SOUTH BOULEVARD<br>MONTGOMERY, AL 36116 | **PERSON FILING CHARGE**<br><br>Mario Alberto **Mendiola**<br><br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>EEOC CHARGE NO.<br>451-2006-00038 |

## NOTICE OF CHARGE OF DISCRIMINATION
(See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[ ] Title VII of the Civil Rights Act          [X] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act   [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **02-MAR-06** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by _____ to _____

If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Eddie D. Abdulhaqq,          Birmingham District Office - 420
Enforcement Supervisor        Ridge Park Place
EEOC Representative           1130 22nd Street, South
Telephone: (205) 212-2078     Birmingham, AL 35205

Enclosure(s): [X] Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE  [X] DISABILITY  [ ] RETALIATION  [ ] OTHER

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| Feb 02, 2006 | Bernice Williams-Kimbrough,<br>District Director | *[signature]* |

# EXHIBIT "D"

# I. T. MONTGOMERY, L.L.C.
## D/B/A Quality Inn & Suites and Convention Center
715 College Drive
Dalton, Georgia 30720
706-529-6900 ▪ 706-529-6769 (fax)

August 25, 2006

FAX #205-212-2105

Ms. Sheri Guenster
U. S. Equal Employment Opportunity Commission
Ridge Park Place
1130 22nd Street, Suite 2000
Birmingham, AL 35205

RE: Mario Alberto Mendiola
Charge #451-2006-00038

Dear Ms. Guenster:

I am the owner of I. T. Montgomery, L.L.C., d/b/a Quality Inn & Suites and Convention Center in Montgomery, Alabama.

Mr. Mendiola contacted me in late November or early December of 2005, and advised me that he had received a diagnosis from his doctor that he had leukemia and that he wanted to go home to Texas for treatment. I told him that I understood, and therefore, began my search for a new General Manager. I spoke with Mr. Mendiola and sent him the attached e-mail on December 12, 2005 advising him that I had found a replacement and he could begin his plans to move to Texas. I did not terminate Mr. Mendiola, nor did I discriminate against Mr. Mendiola. I was trying to assist him in returning to Texas for his treatment.

If you have any questions regarding this, please feel free to call me. My cell phone number is 678-296-8316.

Best regards,

John Tampa
Owner

JT:bg
ENC

# MEMO

TO: Mario Mendiola

FROM: John Tampa

DATE: December 12, 2005

SUBJECT: GM POSITION


Mario,

Per our conversation, you advised me that you and Roxanna are making plans to leave. You said you needed a week to 10 days. I have located someone for the GM position who wants to start on the 20th. As you know, the position is not one easily filled since it takes special qualifications. I would like to go ahead and make the change on the 20th with the new GM in order to avoid losing this applicant. I hope this doesn't put you and Roxanna in a crunch position of trying to move.

I appreciate everything you and Roxanna have done for the best interest of the property. I wish you both well in your future endeavors. If I can be of assistance to you in the future, please let me know.

In the meantime, I need you to keep me posted regarding what is happening on the property for the next week while you are the GM. I just found out the storage maintenance was broken over the weekend. I need to know these things.

Thanks,

John Tampa

# EXHIBIT "2"

## DECLARATION OF BEVERLY WOODS

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the following is true and correct.

1. My name is Beverly Woods. I am over nineteen (19) years of age, and I give this declaration of my own free will. The statements contained herein are based upon my own personal knowledge.

2. Since May of 2006, I have been employed by I.T. Montgomery, LLC as the General Manager of the Quality Inn & Suites and Convention Center located at 2705 East South Boulevard, Montgomery, Alabama. Prior to May of 2006, I was employed at the same hotel as the Director of Sales. From May of 2005 until December of 2005, Mario Mendiola was employed as the General Manager.

3. In early December 2005, Mr. Mendiola informed me that he had been diagnosed with leukemia and that he would be going home to Texas for treatment. It is my understanding that Mendiola resigned from his employment to go back to Texas.

4. At the time of Mendiola's separation from employment, I did not consider him to be disabled. I did not know anything about his medical condition other than what he had told me about having leukemia. I did not know if or how his condition limited his ability to work or to perform other major life activities and I made no assumptions in this regard. I did not know whether he could perform his job as general manger or whether he could perform other jobs. I did not know whether his condition was temporary or permanent or how long his treatment would take. I did not have any discussions with John Tampa or anyone else at I.T. Montgomery about Mendiola being disabled or being unable to work or perform other major life activities.

I declare under penalty of perjury that the above and foregoing is true and correct.

This the 12th day of March, 2008.

*Beverly Woods*
Beverly Woods

# EXHIBIT "3"

## DECLARATION OF TIMOTHY BANKS

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the following is true and correct.

1. My name is Timothy Banks. I am over nineteen (19) years of age, and I give this declaration of my own free will. The statements contained herein are based upon my own personal knowledge.

2. I am employed by I.T. Montgomery, LLC as the Assistant Manager of the Quality Inn & Suites and Convention Center located at 2705 East South Boulevard, Montgomery, Alabama. From May of 2005 until December of 2005, Mario Mendiola was employed as the General Manager.

3. In early December 2005, Mr. Mendiola informed me that he had been diagnosed with leukemia and that he would be going home to Texas for treatment. It is my understanding that Mendiola resigned from his employment to go back to Texas.

4. At the time of Mendiola's separation from employment, I did not consider him to be disabled. I did not know anything about his medical condition other than what he had told me about having leukemia. I did not know if or how his condition limited his ability to work or to perform other major life activities and I made no assumptions in this regard. I did not know whether he could perform his job as general manger or whether he could perform other jobs. I did not know whether his condition was temporary or permanent or how long his treatment would take. I did not have any discussions with John Tampa or anyone else at I.T. Montgomery about Mendiola being disabled or being unable to work or perform other major life activities.

I declare under penalty of perjury that the above and foregoing is true and correct.

This the 12 day of March, 2008.

_____
Timothy Banks