## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| MARIO MENDIOLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | CV- 2:07 CV 469-MEF |
| VISION HOSPITALITY, L.L.C. and | ) | |
| I.T. MONTGOMERY, L.L.C., d/b/a) | | |
| QUALITY  INN  &  SUITES) | | |
| CONFERENCE CENTER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**COME NOW** Defendants Vision Hospitality, LLC and I.T. Montgomery, LLC ("Defendants") and in reply to Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment state as follows:

### I.    INTRODUCTION

Plaintiff initially opposes Defendants' Motion for Summary Judgment by requesting a continuance of the summary judgment submission in order to allow Plaintiff to conduct additional discovery.  Plaintiff contends that discovery has not been completed due solely to Defendants action or inaction.  Essentially, Plaintiff argues that, because Defendants were slow in providing responses to written discovery, Plaintiff was prevented from taking depositions of defense witnesses.

Notably, Plaintiff has never noticed the deposition of any defense witness. In fact, the only deposition notice served in this case was the notice to take the deposition of the plaintiff served along with a request for production of documents by defense counsel on January 25, 2008. (See Exhibit A attached hereto) The deposition was not taken, and Plaintiff has yet to respond to the request for production of documents.

Defendants have not sought any unfair advantage in this case by filing their Motion for Summary Judgment when discovery remains to be completed. To the contrary, Defendants actually filed a Motion to Extend the Dispositive Motion Deadline (Doc #19) in an effort to allow the parties to complete discovery. Notwithstanding Defendants' prior motion, the taking of additional discovery will not change the outcome of this case. Defendants are entitled to summary judgment because there is no evidence that Plaintiff was disabled as defined by the Americans with Disabilities Act ("ADA").

## II.    ARGUMENT IN REPLY

### A.    Plaintiff's Affidavit Testimony Does Not Establish That Defendants Regarded Him As Disabled.

As argued in Defendants' principal brief and as acknowledged by Plaintiff, Plaintiff can only state a prima facie case of disability discrimination if he first

demonstrates that he was disabled as defined by the ADA[1].  Because Plaintiff admits that he did not have an actual impairment that limited a major life activity, he must present sufficient evidence that Defendants regarded him as being so limited.  At page 11 of his opposition brief, Plaintiff acknowledges that his claim is based upon the major life activity of working.  Therefore, in order to surmount the motion for summary judgment, Plaintiff must demonstrate that Defendants believed that he had an impairment that "significantly restricted [his] ability to perform either a class of jobs or a broad range of jobs in various classes." *Collado v. United Parcel Service Co.*, 419 F.3d 1143, 1157 (11th Cir. 2004), quoting 29 C.F.R. § 1630.2(j)(3)(i).  Further, in order to regard Mendiola as disabled, Defendants must have perceived his limitations to be permanent or long-term. *Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1217 (11th Cir. 2004), citing *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002).  *See also Standard v. A.B.E.L Services, Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998).

Defendants have established through sworn declaration testimony that John Tampa did not believe that Mendiola was restricted from performing a class of jobs.  In fact, Tampa had insufficient information to reach any conclusion about

---

[1] In Defendants' principal brief, Defendants also argued that Plaintiff did not suffer an adverse employment action.  Based upon the evidence presented by Plaintiff, Defendants concede, for purposes of this Motion for Summary Judgment only, that there is sufficient evidence to create a question of fact on the issue of adverse employment action.

Mendiola's restrictions.    With his opposition to summary judgment, Mendiola merely confirms Tampa's testimony.    In his own affidavit testimony, Mendiola explains that he gave Tampa very little information about his condition, stating as follows:

> I informed John Tampa of my tentative diagnosis (for leukemia) and told him about the necessity of the additional tests.   I further stated that if I was in a late stage of the disease, I would *possibly* want to return to Texas for treatment.   I was very clear that no action would be taken prior to additional tests.

(Mendiola Affidavit ¶ 4)(emphasis in original).   Mendiola's testimony is supported by the memo he wrote to Tampa on December 14, 2005 in which he stated, "I advised you that the doctor simply took more blood samples and could not confirm the possibility of cancer until the results came back from the lab on 12/22/05.   I informed you that (sic) of a possibility that I would want to return to San Antonio for treatment only if the results where (sic) positive.   (Mendiola Affidavit Exhibit C).

Based only on the limited information he provided Tampa and the fact that his employment was terminated, Mendiola contends that he has established a question of fact as to whether Defendants regarded him as disabled.   Essentially, Mendiola contends that Tampa must have perceived him to be permanently disqualified from a broad class of jobs or else Tampa would not have terminated his employment.   However, nothing about what Mendiola told Tampa would

indicate that he was permanently disqualified from a broad class of jobs. Taking Mendiola's testimony as true, he only told Tampa that he may have leukemia and that he would need additional tests to determine whether he would even need any treatment. Mendiola's version of events supports (rather than contradicts) Tampa's testimony that he did not believe that Mendiola was permanently restricted from performing a broad class of jobs.

Mendiola attempts to distinguish the Eleventh Circuit's holding in the case of *Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213 (11th Cir. 2004), on the basis that the impairment in that case (bilateral hand sprain) was less serious than the alleged impairment (leukemia) in the case at bar[2]. Mendiola's argument misses the mark in several ways. First, whether an impairment substantially limits a major life activity must be determined on a case-by-case basis. As demonstrated by the limited effect that leukemia had on Mendiola and by decisions of the Eleventh Circuit Court of Appeals, cancer often does not substantially limit a major life activity. *See Garrett v. Univ. of Alabama at Birmingham*, 507 F.3d 1306, 1313-1315 (11th Cir. 2007)(Cancer not substantially limiting under Rehabilitation Act despite surgery and other treatment); *Gordon v. E.L. Hamm & Associates, Inc.*, 100 F.3d 907, 912 (11th Cir. 1996)(Cancer not substantially limiting under ADA). Moreover, in the context of a "regarded as" disability, the actual severity of the

---

[2] Mendiola also claims the case is different because the appeal arose from a jury trial; however, both cases involve the standard for judgment as a matter of law.

impairment is not particularly relevant. The relevant question is whether the decision-maker perceived the impairment to be substantially limiting, and the facts of this case demonstrate that Tampa did not perceive Mendiola to be disabled.

**B.    The EEOC Determination Is Of No Consequence to this Summary Judgment Motion**

Plaintiff relies, in part, on the determination of the Equal Employment Opportunity Commission to support his position that there is a question of fact as to whether Defendants perceived Mendiola to be disabled. Congress created the EEOC to investigate claims of employment discrimination, and EEOC determinations are sometimes admissible in judicial proceedings. *Walker v. NationsBank of Florida, N.A.*, 53 F.3d 1548, 1554 (11th Cir. 1995). However, "the final responsibility for enforcement of federal employment discrimination laws is vested in the federal courts." *Walker*, 53 F.3d at 1554, citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44 (1974). In ruling on summary judgment, this Court is not bound by the determination of the EEOC, but must make its own determination based upon the record evidence. *See Price v. Fed. Express Corp.*, 283 F.3d 715, 725 (5th Cir. 2002)(EEOC findings of discrimination are not dispositive in later discrimination suits).

Although EEOC reports and findings may sometimes be probative, *Barfield v. Orange County*, 911 F.2d 644, 650 (11th Cir. 1990), the EEOC determination in

this case lacks probative value because it consists only of a summary legal conclusion. The determination states as follows:

> The investigation revealed that Charging Party informed Respondent that he had submitted blood for testing and that depending on the results, he might later decide to relocate to Texas. Evidence showed that Respondent responded by discharging Charging Party. Evidence indicated that Charging Party did not receive his diagnosis until after his discharge. I have determined that the evidence obtained during the investigation establishes reasonable cause to believe a violation of the statute has occurred.

(Mendiola Affidavit Exhibit D). Unlike a detailed investigative report and factual finding, which might be probative, this categorical legal conclusion by the EEOC is of no benefit to the Court. *See Price*, 283 F.3d at 725. On its face, the determination appears to be based only upon the information provided by Mendiola to the EEOC. The determination is particularly unhelpful to this summary judgment motion because it includes no finding that Mendiola was disabled—the primary area of legal dispute.

## III.    CONCLUSION

Based upon the record evidence, there is no disputed issue of material fact, and Defendants are entitled to judgment as a matter of law.

/s/ Kyle T. Smith

Kyle T. Smith (Bar No. ASB-6752-I72K)
J. Rushton  McClees (Bar No. ASB-8805-C39J)
Attorneys for Defendant
VISION HOSPITALITY, LLC AND I.T.
MONTGOMERY, LLC


**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:   (205) 930-5100
Fax:   (205) 930-5335
northerndistrict@sirote.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> D. Jason Britt, Esq.
> Morris & McCannally, LLC
> 50 Wisteria Place
> P.O. Box 490
> Millbrook, AL 36054

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> David A. Bryant, Jr., Esq.
> 18 Augusta Pines Drive
> Suite 200E
> Spring, TX 77389

/s/ Kyle T. Smith

_____

Of Counsel

# <u>EXHIBIT A</u>

**KYLE T. SMITH**

ATTORNEY AT LAW

(205) 930-5190

ksmith@sirote.com

# SIROTE
## — & —
# PERMUTT
### A PROFESSIONAL CORPORATION

January 25, 2008

## VIA E-MAIL & U.S. MAIL

David A. Bryant, Jr., Esq.
18 Augusta Pines Drive
Suite 200E
Spring, TX 77389

Re:    Mario Mendiola v. Vision Hospitality, LLC; et al.

Dear David:

Enclosed please find Defendants' First Request for Production of Documents to Plaintiff and a Notice of Deposition for Mario Mendiola scheduled for February 29, 2008. I have arbitrarily selected this date, and you should feel free to let me know if it is not convenient for you and your client. I have noticed the deposition to take place at my office in Birmingham because I assumed it would be easier for you to travel to Birmingham than to Montgomery, Alabama. However, I would be willing to take the deposition in Montgomery since that is where the case is pending.

I know that I also owe you some updated discovery responses, and I will provide those as soon as possible. Please feel free to call me to discuss this matter further.

Sincerely yours,

Kyle T. Smith
FOR THE FIRM

KTS/mr
Enclosure
c:     J. Rushton McClees, Esq.

DOCSBHM\1538489\1\

David A. Bryant, Jr., Esq.
January 25, 2008
Page 2


bc:    Mr. John Tampa

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **MARIO MENDIOLA,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | **CIVIL ACTION NO.** |
| | ) | **CV- 2:07 CV 469-MEF** |
| **VISION HOSPITALITY, L.L.C.** | ) | |
| **AND I.T. MONTGOMERY, L.L.C.,** | ) | |
| **D/B/A QUALITY INN & SUITES** | ) | |
| **CONFERENCE CENTER,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| | ) | |

## DEFENDANTS' NOTICE OF DEPOSITION OF PLAINTIFF

TO:   David A. Bryant, Jr., Esq.
      18 Augusta Pines Drive
      Suite 200E
      Spring, TX 77389

Please take notice that at the date, time, and location listed below, Defendants will take the testimony by deposition upon oral examination of the party listed below pursuant to the Federal Rules of Civil Procedure, Rule 30. Such deposition will be taken for the purpose of discovery or for use as evidence in this cause or both purposes, and will continue from time to time until completed. The deposition will be recorded by sound and stenographic means and will be taken before a Court Reporter and Notary Public, who is authorized to administer oaths under the laws of the State of Alabama.

DEPONENT:      Mario Mendiola

DATE/TIME:     Friday, February 29, 2008 at 9:00 a.m.

LOCATION:      Office of Sirote & Permutt, P.C.
               2311 Highland Avenue South
               Birmingham, AL 35205

Respectfully submitted this 25th day of January, 2008.

Kyle T. Smith (Bar No. ASB-6752-I72K)
Attorney for Defendants
VISION HOSPITALITY LLC AND I.T.
MONTGOMERY LLC

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:  (205) 930-5100
Fax:  (205) 930-5335
northerndistrict@sirote.com

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record, by electronic mail on this ___25ᵗʰ___ day of January, 2008, as follows:

D. Jason Britt, Esq.
Morris & McCannally, LLC
50 Wisteria Place
P.O. Box 490
Millbrook, AL 36054

David A. Bryant, Jr., Esq.
18 Augusta Pines Drive
Suite 200E
Spring, TX 77389

Of Counsel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **MARIO MENDIOLA,**        ) | |
|                   ) | |
| **PLAINTIFF,**         ) | |
|                   ) | |
| **V.**                 ) | **CIVIL ACTION NO.** |
|                   ) | **CV- 2:07 CV 469-MEF** |
| **VISION HOSPITALITY, L.L.C.**  ) | |
| **AND I.T. MONTGOMERY, L.L.C.,** ) | |
| **D/B/A QUALITY INN & SUITES**  ) | |
| **CONFERENCE CENTER,**    ) | |
|                   ) | |
| **DEFENDANTS.**       ) | |
|                   ) | |

## DEFENDANTS' FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS TO PLAINTIFF

TO:   Mario Mendiola, Plaintiff,
       by and through his attorney,
       David A. Bryant, Jr., Esq.
       18 Augusta Pines Drive
       Suite 200E
       Spring, TX 77389

COME NOW Defendants Vision Hospitality LLC and I.T. Montgomery LLC ("Defendants"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, and propound the following Request for Production of Documents to Plaintiff, Mario Mendiola. Defendants request that Plaintiff produce and permit Defendant to inspect and to copy each of the following items or documents which are in the possession, control or custody of Plaintiff or his counsel, by producing same at the offices of Sirote & Permutt, P.C., 2311 Highland Avenue South, Post Office Box 55727, Birmingham, Alabama, 35255-5727, within thirty (30) days as required by said Rule.

As used herein, the term "you" and "your" or "Plaintiff" means Mario Mendiola and the attorneys or agents of Plaintiff who have information available to Plaintiff within the meaning of Federal Rule 34.

## DEFINITIONS

The following terms shall have the indicated meaning herein:

(1) The term "document" shall include, without limitation, writings, correspondence, agreements, instruments, forms, records, minutes, memoranda, messages, handwritten and other notations and markings, bank records, canceled checks and statements, statements of witnesses, findings of investigations, charts, photographs, tape and other sound recordings and any other data compilation from which information can be obtained. The term "document" shall also include (i) records kept by electronic, photographic, or mechanical means, including e-mail and voice-mails; (ii) any non-identical copies of described material, (iii) any drafts of documents, and (iv) all described material in your possession, custody or control (or in the possession, custody, or control of your attorney).

The term "document" shall also mean each and every writing or record, including electronic communications, or any other thing subject to production under Federal Rules 26 and 34, however produced or reproduced, whether draft of original or reproduction, that is in the Plaintiff's possession or custody or under the Plaintiff's control, or to which Plaintiff has access. Any document bearing

notations, markings, or writings or any kind different from the original shall be treated as an original document.

To the extent that any request for production is deemed to be objectionable, you are still to respond to those non-objectionable requests or portions of such and state fully the basis for your objection.

## REQUESTS

1.    Please produce any documents which refer or relate to, evidence, or comprise any communication between Plaintiff and Defendants, or Plaintiff and any third party, concerning the subject matter of this action or the underlying facts supporting any theory of recovery raised by Plaintiff.

2.    Please produce any documents which refer or relate to, or evidence any of Plaintiff's allegations in the Complaint.

3.    Please produce all documents that relate to, bear upon, or provide evidence of all sources of income derived by Plaintiff since January 1, 2005, until the present, including, but not limited to:

    a.    all federal and state income tax returns and Internal Revenue Service W-2 and 1099 tax forms for tax years: 2005, 2006, and 2007; and

    b.    any other documents which provide evidence regarding any sources of income, including but not limited to, wages or salary from employment, workers' compensation benefits, unemployment compensation benefits, Social

Security benefits, disability benefits, health insurance benefits, welfare benefits or other governmental benefits not reflected on any of the foregoing documents.

4.     Please produce any documents which refer, relate to, or evidence any and all of Plaintiff's efforts to obtain employment since December 12, 2005, including, but not limited to, resumes, applications, job announcements, correspondence and notes.

5.     Please produce all documents that Plaintiff contends support the damages sought in this action, including but not limited to Plaintiff's claims for back pay, front pay, exemplary damages, attorneys' fees, expert fees, interest and costs of court.

6.     Please produce all statements (whether signed or unsigned), affidavits, tape recordings or other documents gathered by Plaintiff or his representatives with regard to any of the allegations contained in the Complaint.

7.     Please produce any and all documents reflecting treatment, testing, diagnosis, or consultation of any nature whatsoever with a physician, psychiatrist, psychologist, social worker, nurse, medical technician, medical assistant, osteopath, chiropractic, practitioner of the healing arts, or other health care provider of any nature whatsoever regarding any injury, whether physical, mental, emotional, or otherwise you allegedly suffered as a result of any action of Defendants.

8.    Please produce any and all documents reflecting treatment, testing, diagnosis, or consultation of any nature whatsoever with a physician, psychiatrist, psychologist, social worker, nurse, medical technician, medical assistant, osteopath, chiropractic, or other health care provider of any nature whatsoever regarding any injury, whether physical, mental, emotional, or otherwise you have consulted for the last ten years, including, but not limited to any such documents related to the medical condition referenced in Paragraphs 3.2 and 3.5 of your Complaint.

9.    Please produce any and all documents that Plaintiff has received pursuant to a subpoena in this case directed to any person and/or entity.

10.    Please produce any and all documents which refer or relate to, any of the allegations in this case or Plaintiff's Complaint, including but not limited to those documents Plaintiff will introduce into evidence or use in any manner during the course of this litigation, including summary judgment and trial.

11.    Please produce any calendar, day timer, diary or other document you maintained upon which you recorded any of your daily activities or thoughts during 2005, 2006 or 2007.

12.    Please produce all documents relied upon in responding to, or identified in, Plaintiff's Initial Disclosures filed pursuant to F.R.C.P. 26.

13.    Please produce all documents submitted to or received from the Equal Employment Opportunity Commission related to your charge of discrimination against Defendants.

14.    Please produce all documents submitted to or received from the Texas Workforce Commission related to your claim for unemployment compensation arising from your separation from employment with Defendants.

15.    Please produce any other documents not specifically requested herein that Plaintiff will rely upon to support his allegations and claims for damages in this case.

Respectfully submitted this _2 5_ day of January, 2008.

_____

Kyle T. Smith (Bar No. ASB-6752-I72K)
Attorney for Defendants
VISION HOSPITALITY LLC AND I.T.
MONTGOMERY LLC

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:  (205) 930-5100
Fax:  (205) 930-5335
northerndistrict@sirote.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record, by electronic mail on this __2 5__ day of January, 2008, as follows:

D. Jason Britt, Esq.
Morris & McCannally, LLC
50 Wisteria Place
P.O. Box 490
Millbrook, AL 36054

David A. Bryant, Jr., Esq.
18 Augusta Pines Drive
Suite 200E
Spring, TX 77389

_____
Of Counsel