## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **MARIO MENDIOLA**, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **CV- 2:07 CV 469-MEF** |
| **VISION HOSPITALITY, L.L.C. and** | ) | |
| **I.T. MONTGOMERY, L.L.C., d/b/a)** | | |
| **QUALITY INN & SUITES)** | | |
| **CONFERENCE CENTER,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>DEFENDANTS' RESPONSE TO SHOW CAUSE ORDER</u>

**COME NOW** Defendants Vision Hospitality, LLC and I.T. Montgomery, LLC ("Defendants") and respond to the Court's April 23, 2008 Order to show cause why Plaintiff's Motion to Continue should not be granted. Plaintiff's Motion to Continue is due to be denied based upon the following:

1.  As part of his response to Defendants' Motion for Summary Judgment, Plaintiff requested a continuance of the summary judgment submission so that additional discovery could be completed. Plaintiff's motion is based upon his contention that discovery was not completed prior to the summary judgment submission deadline due solely to Defendants delay in responding to Plaintiff's written discovery requests. As stated by Plaintiff in his motion,

"Because of the obvious problems created by Defendants' failure to provide timely discovery responses, Plaintiff is unable to provide sworn testimony of the Defendants in opposition to the current Motion."

2.  Defendants' failure to provide timely responses to written discovery did not prevent Plaintiff from providing sworn testimony of defense witnesses. Defendants were admittedly slow to provide responses to written discovery[1], but Plaintiff was free to seek deposition testimony from defense witnesses at any time. However, Plaintiff never noticed the deposition of any defense witness. The parties exchanged letters seeking deposition dates, but the only deposition notice served in the case was the notice by Defendants to take the deposition of Plaintiff. Along with that deposition notice, Defendants served a request for production of documents on Plaintiff. (See Exhibit A attached hereto) The deposition of Plaintiff has not been taken and responsive documents have not yet been produced.

3.  Rule 56(f) of the Federal Rules of Civil Procedure provides as follows:

If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable

---

[1] Although delayed, Defendants' responses were served contemporaneously with the dispositive motion deadline allowing Plaintiff to utilize the responses in opposing summary judgment.

affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

4.    A party requesting a continuance under Rule 56(f) must present an affidavit containing specific facts explaining his failure to respond to the motion in a manner to establish genuine issues of material fact for trial. *Barfield v. Brierton*, 883 F.2d 923, 931 (11th Cir. 1989), citing *SEC v. Spence & Green Chemical Co.*, 612 F.2d 896, 900 (5th Cir. 1980). Plaintiff has not supported his motion with an affidavit as required by Rule 56(f). Even if this Court excuses the technical deficiency of the Plaintiff's motion, the motion should not be granted. As explained by the Eleventh Circuit Court of Appeals, "[t]he nonmovant 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts,' but rather he must specifically demonstrate 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Wallace v. Brownell Pontiac-GMC Co., Inc.*, 703 F.2d 525, 527 (11th Cir. 1983), quoting *Spence & Green Chemical Co.*, 612 F.2d at 901.

5.    With his motion, Plaintiff has not submitted sufficient information to demonstrate that additional discovery will create a question of fact to preclude summary judgment. The primary issue on summary judgment is

whether Plaintiff has met his burden of demonstrating a prima facie case of disability discrimination by first demonstrating that he is disabled under the ADA. More particularly, Plaintiff must establish that Defendants regarded him as disabled. Defendants' witnesses testified through sworn declaration that they did not regard Plaintiff to be disabled. Although not explicitly stated in the request for a continuance, Plaintiff apparently believes that, through cross examination of defense witnesses, he will be able to controvert their declaration testimony. There is no reason to conclude that depositions of the defense witnesses will yield different testimony. In fact, it is much more likely that a deposition will merely confirm the undisputed declarations.

6.    The plaintiff, himself, should be in the best position to demonstrate that he is disabled. However, as explained in Defendants' Reply Brief in Support of Summary Judgment, Plaintiff's own affidavit testimony does not cast doubt on Defendants' testimony. To the contrary, Plaintiff merely confirms that he did not provide Defendants' with sufficient information for them to have regarded him as disabled. Plaintiff should not be allowed to conduct additional discovery to prove the most basic element of his prima facie case. *See Shelby v. American Colloid Co., Inc.*, 2005 WL 3804725 at *9 (M.D. Ala. March 1, 2005)(Plaintiff in best position to present evidence of prima

facie elements of adverse employment action and hostile conduct in race discrimination case)(Not reported in F.Supp.2d).

7.    Even if the deposition testimony of defense witnesses would help Plaintiff create a question of fact (which it will not), Plaintiff has been aware of the identity of the defense witnesses from the time this case was first filed. Because Defendants are no more responsible than Plaintiff for the fact that the witnesses were not deposed, the Rule 56(f) motion should be denied. *See Barfield*, 883 F.2d at 933.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's Motion for Continuance and ultimately grant Defendants' Motion for Summary Judgment.

                                            /s/ Kyle T. Smith
                                            Kyle T. Smith (Bar No. ASB-6752-I72K)
                                            J. Rushton McClees (Bar No. ASB-8805-C39J)
                                            Attorneys for Defendants
                                            VISION HOSPITALITY, LLC AND I.T.
                                            MONTGOMERY, LLC

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:   (205) 930-5100
Fax:   (205) 930-5335
northerndistrict@sirote.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> D. Jason Britt, Esq.
> Morris & McCannally, LLC
> 50 Wisteria Place
> P.O. Box 490
> Millbrook, AL 36054

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> David A. Bryant, Jr., Esq.
> 18 Augusta Pines Drive
> Suite 200E
> Spring, TX 77389

/s/ Kyle T. Smith

_____

Of Counsel

EXHIBIT "A"

**KYLE T. SMITH**

ATTORNEY AT LAW

(205) 930-5190

*ksmith@sirote.com*

**SIROTE**
*— & —*
**PERMUTT**
A PROFESSIONAL CORPORATION

January 25, 2008

**VIA E-MAIL & U.S. MAIL**

David A. Bryant, Jr., Esq.
18 Augusta Pines Drive
Suite 200E
Spring, TX 77389

Re:    Mario Mendiola v. Vision Hospitality, LLC; et al.

Dear David:

Enclosed please find Defendants' First Request for Production of Documents to Plaintiff and a Notice of Deposition for Mario Mendiola scheduled for February 29, 2008.  I have arbitrarily selected this date, and you should feel free to let me know if it is not convenient for you and your client.  I have noticed the deposition to take place at my office in Birmingham because I assumed it would be easier for you to travel to Birmingham than to Montgomery, Alabama.  However, I would be willing to take the deposition in Montgomery since that is where the case is pending.

I know that I also owe you some updated discovery responses, and I will provide those as soon as possible.  Please feel free to call me to discuss this matter further.

Sincerely yours,

Kyle T. Smith
FOR THE FIRM

KTS/mr
Enclosure
c:    J. Rushton  McClees, Esq.

DOCSBHM\1538489\1\

*LAW OFFICES AND MEDIATION CENTERS*
2311 HIGHLAND AVENUE SOUTH    BIRMINGHAM, ALABAMA 35205
POST OFFICE BOX 55727    BIRMINGHAM, ALABAMA 35255-5727
TELEPHONE  |  205.930.5100    FAX  |  205.930.5101    URL  |  *http://www.sirote.com*

B i r m i n g h a m    |    H u n t s v i l l e    |    M o b i l e

David A. Bryant, Jr., Esq.
January 25, 2008
Page 2

bc:     Mr. John Tampa

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **MARIO MENDIOLA,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | **CIVIL ACTION NO.** |
| | ) | **CV- 2:07 CV 469-MEF** |
| **VISION HOSPITALITY, L.L.C.** | ) | |
| **AND I.T. MONTGOMERY, L.L.C.,** | ) | |
| **D/B/A QUALITY INN & SUITES** | ) | |
| **CONFERENCE CENTER,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| | ) | |

### DEFENDANTS' NOTICE OF DEPOSITION OF PLAINTIFF

TO:   David A. Bryant, Jr., Esq.
       18 Augusta Pines Drive
       Suite 200E
       Spring, TX 77389

Please take notice that at the date, time, and location listed below, Defendants will take the testimony by deposition upon oral examination of the party listed below pursuant to the Federal Rules of Civil Procedure, Rule 30. Such deposition will be taken for the purpose of discovery or for use as evidence in this cause or both purposes, and will continue from time to time until completed. The deposition will be recorded by sound and stenographic means and will be taken before a Court Reporter and Notary Public, who is authorized to administer oaths under the laws of the State of Alabama.

DEPONENT:      Mario Mendiola

DATE/TIME:      Friday, February 29, 2008 at 9:00 a.m.

LOCATION:      Office of Sirote & Permutt, P.C.
                    2311 Highland Avenue South
                    Birmingham, AL 35205

Respectfully submitted this $\underline{25\,^{th}}$ day of January, 2008.

Kyle T. Smith (Bar No. ASB-6752-I72K)
Attorney for Defendants
VISION HOSPITALITY LLC AND I.T.
MONTGOMERY LLC

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:   (205) 930-5100
Fax:   (205) 930-5335
northerndistrict@sirote.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record, by electronic mail on this ___25th___ day of January, 2008, as follows:

D. Jason Britt, Esq.
Morris & McCannally, LLC
50 Wisteria Place
P.O. Box 490
Millbrook, AL 36054

David A. Bryant, Jr., Esq.
18 Augusta Pines Drive
Suite 200E
Spring, TX 77389

Of Counsel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **MARIO MENDIOLA,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | **CIVIL ACTION NO.** |
| | ) | **CV- 2:07 CV 469-MEF** |
| **VISION HOSPITALITY, L.L.C.** | ) | |
| **AND I.T. MONTGOMERY, L.L.C.,** | ) | |
| **D/B/A QUALITY INN & SUITES** | ) | |
| **CONFERENCE CENTER,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| | ) | |

## DEFENDANTS' FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS TO PLAINTIFF

TO:  Mario Mendiola, Plaintiff,
     by and through his attorney,
     David A. Bryant, Jr., Esq.
     18 Augusta Pines Drive
     Suite 200E
     Spring, TX 77389

COME NOW Defendants Vision Hospitality LLC and I.T. Montgomery LLC ("Defendants"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, and propound the following Request for Production of Documents to Plaintiff, Mario Mendiola.  Defendants request that Plaintiff produce and permit Defendant to inspect and to copy each of the following items or documents which are in the possession, control or custody of Plaintiff or his counsel, by producing same at the offices of Sirote & Permutt, P.C., 2311 Highland Avenue South, Post Office Box 55727, Birmingham, Alabama, 35255-5727, within thirty (30) days as required by said Rule.

As used herein, the term "you" and "your" or "Plaintiff" means Mario Mendiola and the attorneys or agents of Plaintiff who have information available to Plaintiff within the meaning of Federal Rule 34.

## DEFINITIONS

The following terms shall have the indicated meaning herein:

(1) The term "document" shall include, without limitation, writings, correspondence, agreements, instruments, forms, records, minutes, memoranda, messages, handwritten and other notations and markings, bank records, canceled checks and statements, statements of witnesses, findings of investigations, charts, photographs, tape and other sound recordings and any other data compilation from which information can be obtained. The term "document" shall also include (i) records kept by electronic, photographic, or mechanical means, including e-mail and voice-mails; (ii) any non-identical copies of described material, (iii) any drafts of documents, and (iv) all described material in your possession, custody or control (or in the possession, custody, or control of your attorney).

The term "document" shall also mean each and every writing or record, including electronic communications, or any other thing subject to production under Federal Rules 26 and 34, however produced or reproduced, whether draft of original or reproduction, that is in the Plaintiff's possession or custody or under the Plaintiff's control, or to which Plaintiff has access. Any document bearing

notations, markings, or writings or any kind different from the original shall be treated as an original document.

To the extent that any request for production is deemed to be objectionable, you are still to respond to those non-objectionable requests or portions of such and state fully the basis for your objection.

## **REQUESTS**

1.    Please produce any documents which refer or relate to, evidence, or comprise any communication between Plaintiff and Defendants, or Plaintiff and any third party, concerning the subject matter of this action or the underlying facts supporting any theory of recovery raised by Plaintiff.

2.    Please produce any documents which refer or relate to, or evidence any of Plaintiff's allegations in the Complaint.

3.    Please produce all documents that relate to, bear upon, or provide evidence of all sources of income derived by Plaintiff since January 1, 2005, until the present, including, but not limited to:

  a.    all federal and state income tax returns and Internal Revenue Service W-2 and 1099 tax forms for tax years: 2005, 2006, and 2007; and

  b.    any other documents which provide evidence regarding any sources of income, including but not limited to, wages or salary from employment, workers' compensation benefits, unemployment compensation benefits, Social

Security benefits, disability benefits, health insurance benefits, welfare benefits or other governmental benefits not reflected on any of the foregoing documents.

4.    Please produce any documents which refer, relate to, or evidence any and all of Plaintiff's efforts to obtain employment since December 12, 2005, including, but not limited to, resumes, applications, job announcements, correspondence and notes.

5.    Please produce all documents that Plaintiff contends support the damages sought in this action, including but not limited to Plaintiff's claims for back pay, front pay, exemplary damages, attorneys' fees, expert fees, interest and costs of court.

6.    Please produce all statements (whether signed or unsigned), affidavits, tape recordings or other documents gathered by Plaintiff or his representatives with regard to any of the allegations contained in the Complaint.

7.    Please produce any and all documents reflecting treatment, testing, diagnosis, or consultation of any nature whatsoever with a physician, psychiatrist, psychologist, social worker, nurse, medical technician, medical assistant, osteopath, chiropractic, practitioner of the healing arts, or other health care provider of any nature whatsoever regarding any injury, whether physical, mental, emotional, or otherwise you allegedly suffered as a result of any action of Defendants.

8.    Please produce any and all documents reflecting treatment, testing, diagnosis, or consultation of any nature whatsoever with a physician, psychiatrist, psychologist, social worker, nurse, medical technician, medical assistant, osteopath, chiropractic, or other health care provider of any nature whatsoever regarding any injury, whether physical, mental, emotional, or otherwise you have consulted for the last ten years, including, but not limited to any such documents related to the medical condition referenced in Paragraphs 3.2 and 3.5 of your Complaint.

9.    Please produce any and all documents that Plaintiff has received pursuant to a subpoena in this case directed to any person and/or entity.

10.    Please produce any and all documents which refer or relate to, any of the allegations in this case or Plaintiff's Complaint, including but not limited to those documents Plaintiff will introduce into evidence or use in any manner during the course of this litigation, including summary judgment and trial.

11.    Please produce any calendar, day timer, diary or other document you maintained upon which you recorded any of your daily activities or thoughts during 2005, 2006 or 2007.

12.    Please produce all documents relied upon in responding to, or identified in, Plaintiff's Initial Disclosures filed pursuant to F.R.C.P. 26.

13.    Please produce all documents submitted to or received from the Equal Employment Opportunity Commission related to your charge of discrimination against Defendants.

14.    Please produce all documents submitted to or received from the Texas Workforce Commission related to your claim for unemployment compensation arising from your separation from employment with Defendants.

15.    Please produce any other documents not specifically requested herein that Plaintiff will rely upon to support his allegations and claims for damages in this case.

Respectfully submitted this _2 5_ day of January, 2008.

_____
Kyle T. Smith (Bar No. ASB-6752-I72K)
Attorney for Defendants
VISION HOSPITALITY LLC AND I.T.
MONTGOMERY LLC

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:  (205) 930-5100
Fax:  (205) 930-5335
northerndistrict@sirote.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record, by electronic mail on this ___2 5___ day of January, 2008, as follows:

> D. Jason Britt, Esq.
> Morris & McCannally, LLC
> 50 Wisteria Place
> P.O. Box 490
> Millbrook, AL 36054
>
> David A. Bryant, Jr., Esq.
> 18 Augusta Pines Drive
> Suite 200E
> Spring, TX 77389

Of Counsel