IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

MARIO MENDIOLA, §

   Plaintiff,

v. § Cause No. CV – 2:07 CV 469-MEF

VISION HOSPITALITY, INC. and
I.T. MONTGOMERY, LLC d/b/a
QUALITY INN & SUITES
CONFERENCE CENTER and JOHN
TAMPA Individually,

   Defendants. §

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE

COMES NOW Plaintiff, Mario Mendiola, and respectfully files this Reply to Defendants' Response in Opposition to Plaintiff's Motion for Continuance. In support hereof, Plaintiff would show this Court the following:

I.

Plaintiff and Defendants have discussed taking depositions of the witnesses in this case. It was specifically agreed between the parties, and their counsel, that prior to taking any depositions that Plaintiff would be entitled to obtain document production from Defendants and to have Defendants answer Plaintiff's interrogatories, all of which were sent to

Defendants on November 2, 2007. As stated in Plaintiff's Motion for Continuance already on file with this Court, an extension of time to respond to this very simple discovery was kindly granted by Plaintiff. Despite this fact, Defendants failed to respond to Plaintiff's discovery requests; instead sending Plaintiff *blank* answers. It is incredible that now, after being given every courtesy possible, Defendants and their counsel have decided: 1) to ignore the *undisputed* fact that they did not respond to the discovery necessary for Plaintiff's counsel to prepare for depositions, and adequately take depositions; 2) to ignore the fact that Plaintiff granted them an extension to so respond; 3) to ignore the fact that Plaintiff and Defense counsel agreed that Plaintiff should not have to take depositions without such discovery responses; and 4) to ignore the fact that Plaintiff could have, but did not, file a for sanctions for Defendants' blatant violation of the Federal Rules.

Attached hereto in incorporated herein is the affidavit of the undersigned, verifying each and every statement made in Plaintiff's Motion for Continuance, as well as each and every statement made herein regarding how and why depositions have not yet been completed. Plaintiff would respectfully ask the Court to accept this affidavit as additional support for his Motion for Continuance. Also, Plaintiff has now noticed the depositions

of Defendants' representative and two other witnesses employed by Defendants. Once these depositions are completed, Plaintiff will provide the Court a supplemental response to the Motion for Summary Judgment.

Considering the additional fact that the discovery deadline has not yet passed, Defendants' assertion that Plaintiff should not be allowed to complete discovery has no legitimate basis in fact or law. Defendants' arguments are without merit and should be overruled.

II.

PRAYER

Based upon the foregoing, Plaintiff again respectfully requests that his Motion for Continuance be granted, and/or that Defendants' Motion for Summary Judgment be, in all things, DENIED.

Respectfully submitted,

THE BRYANT LAW FIRM

_____
David A. Bryant, Jr.
S.D.Texas Bar No. 17501
18 Augusta Pines Dr., Suite 200E
Spring, Texas 77389
(281) 290-8866, Fax: (281) 290-8867

MORRIS & MCCANNALLY, LLC

D. Jason Britt (BRI048)
50 Wisteria Place
P.O. Box 490
Millbrook, Alabama 36054

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via email, certified mail and/or facsimile on this 7th day of May, 2008.

_____
David A. Bryant, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| MARIO MENDIOLA, | § | |
| Plaintiff, | | |
| v. | § | Cause No. CV – 2:07 CV 469-MEF |
| VISION HOSPITALITY, INC. and I.T. MONTGOMERY, LLC d/b/a QUALITY INN & SUITES CONFERENCE CENTER and JOHN TAMPA Individually, | | |
| Defendants. | § | |

### AFFIDAVIT OF DAVID A. BRYANT, JR.

Before me, the undersigned authority on this day personally appeared David A. Bryant, Jr., who after being duly sworn upon his oath did depose and state the following:

"My name is David A. Bryant, Jr. I am an attorney licensed by and in good standing with the State Bar of Texas since November of 1993. I am counsel for Plaintiff in the above styled and numbered cause and have been admitted to this Court *pro hac vice* for this lawsuit. I make this affidavit in my professional and individual capacity and all the facts contained herein are true and correct and wintnin my personal knowledge. I am fully competent to make this Affidavit.

Plaintiff and Defendants have discussed taking depositions of the

1

witnesses in this case. However, it was specifically agreed between the parties, and their counsel, that prior to taking any depositions that Plaintiff would be entitled to obtain document production from Defendants and to have Defendants answer Plaintiff's interrogatories, all of which were sent to Defendants on November 2, 2007. As stated in Plaintiff's Motion for Continuance already on file with this Court, an extension of time to respond to this very simple discovery was kindly granted by Plaintiff.

After the extension of time had expired, Plaintiff received nothing from Defendants. Thus, on January 28, 2008 Plaintiff sent a letter to Defense counsel requesting answers to Plaintiff's discovery requests. True and correct copies of said letter, and other related correspondence, are attached to Plaintiff's Motion for Continuance. As the January 28, 2008 letter makes clear, as of that date Plaintiff had received no responsive documents to Requests for Production Nos. 1, 2, 3, 4, 5, 7, 8, 9, 10, 12, 13, 14, 16, 17, 18, 19, 20 and 21. Defendants did not even respond to, or provide documents requested in Request No. 15.

It was also apparent that Defendants sent a "draft" of their answers to Interrogatories because the majority of questions were simply not answered at all; i.e. Interrogatory Nos. 3, 4, 5, 6, 8, 11, 13, 14 and 15. In addition the Interrogatories answers were not verified. Rather than file the required

discovery responses or responding to Plaintiff's inquiries regarding the same, Defendants noticed the deposition of Plaintiff without consulting Plaintiff's counsel. This deposition was passed by agreement, since Plaintiff had not yet received proper discovery responses.

After receiving no response to the January 28, 2008 letter, other than a deposition notice for the Plaintiff, Plaintiff's counsel sent another letter to Defense counsel on February 28, 2008 pointing out the fact that no discovery responses have been received and no documentation provided. Plaintiff's counsel then received a letter from Defense counsel, as well as a telephone call, regarding the missing discovery responses. Defendants finally sent their discovery responses *on March 14, 2008*; the day Defendants' Motion for Summary Judgment was to be filed.

While the undersigned believes that fact questions are readily apparent from the affidavit of Plaintiff submitted in response to Defendants' Motion for Summary Judgment, in order to more fully respond to said Motion, I must be able to cross-examine Defendants' representatives and the defense witnesses to address the allegations made in their affidavits. Taking depositions without responses to discovery, propounded last year, and for which answers were never provided until March, 2008, could put Plaintiff at a significant disadvantage and provide an unwarranted and improper

educational experience for Defendants and their counsel as to the thought process and/or trial strategy of Plaintiff and his counsel. It is for this very reason that the parties agreed that Defendants would provide discovery response prior to any depositions taking place.

Further Affiant sayeth not.

_____
David A. Bryant, Jr.

Sworn and subscribed to before me, the undersigned authority by David A. Bryant, Jr on this 7th day of May, 2008 for the purposes expressed therein, to certify which witness my hand and official seal.

_____
Notary Public in and
for the State of Texas



KELLYE GOLEMON WHITE
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
JUNE 16, 2010