IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARIO MENDIOLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:07-cv-469-MEF |
| ) | |
| VISION HOSPITALITY, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **O R D E R**

This cause is before the Court on Plaintiff's Motion for Continuance (Doc. # 27), which was filed on March 31, 2008 along with Plaintiff's Response to Defendants' Motion for Summary Judgment. Plaintiff requests a continuance in the summary judgment proceeding in order to complete discovery. Specifically, Plaintiff wishes to obtain sworn testimony from employees and representatives of Defendants. For the reasons stated herein, Plaintiff's motion is due to be GRANTED.

Rule 56(f) of the Federal Rules of Civil Procedure states that "[i]f a party opposing [a motion for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken."

Plaintiff believes that he has sufficient evidence to survive the summary judgment phase of this case, but he asks for a continuance if the Court finds the evidence on his

behalf to be lacking. Defendants believe that Plaintiff does not have evidence to show that Defendants regarded Plaintiff to be disabled, which is an element of Plaintiff's cause of action under the ADA. It appears that Plaintiff seeks testimony of Defendants' employees and representatives to obtain such evidence.

Both Plaintiff and Defendants are responsible for the current situation. On September 24, 2007, this Court entered a Scheduling Order (Doc. # 17), which stated that the dispositive motion deadline was March 10, 2008. On November 2, 2007, Plaintiff sent interrogatories to Defendants, and responses were due 30 days later. Plaintiff granted an extension of time to respond, but Defendants did not timely respond. On January 28, 2008, Plaintiff sent a letter requesting a response. Defendants did not timely and adequately respond to this letter. On February 28, 2008, Plaintiff send another letter requesting a response, but Defendants did not timely and adequately respond. Finally, on March 14, 2008, Defendants submitted discovery responses and filed their Motion for Summary Judgment.

Defendants' disregard for the parties' discovery deadlines is unacceptable, and in the future, the Court expects Defendants' attorneys to timely and adequately respond to discovery requests. However, Plaintiff is at fault, too, for not filing discovery motions to compel responses to his interrogatories. If the Court did not grant Plaintiff's Motion for Continuance, then Plaintiff's counsel's lack of diligence may have resulted in Plaintiff losing at the summary judgment phase of this case. Although the Court has not fully considered the summary judgment briefs, it is apparent that without sworn testimony from

Defendants' employees and representatives, it will be difficult for Plaintiff to show that there was a genuine issue of material fact with regard to whether Defendants regarded Plaintiff to be disabled. In the interest of fairness, the Court will allow Plaintiff the opportunity to obtain such evidence.

Accordingly, it is hereby

ORDERED that Plaintiff's Motion for Continuance (Doc. # 27) is GRANTED. The trial in this case will be continued until the Court's January 12, 2009 trial term. The Court will enter an Amended Scheduling Order.

Done this the 12th day of May, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE